# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Rick L. Martin,**
**Plaintiff Below, Petitioner**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0040** (Cabell County 09-C-621)

**CSX Transportation, Inc.**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rick L. Martin, by counsel Scott Maddox, appeals the Circuit Court of Cabell County's "Order Granting Defendant CSX Transportation, Inc's Motion to Dismiss" entered on December 5, 2011. Respondent CSX Transportation, Inc. ("CSX"), by counsel Marc E. Williams and Melissa Foster Bird, has filed its response. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 24, 2009, petitioner filed a personal injury action against CSX under the Federal Employers' Liability Act. Petitioner failed to serve CSX within 120 days. On December 16, 2009, the circuit court filed a notice of intent to dismiss the action pursuant to Rule 4(k) of the West Virginia Rules of Civil Procedure for failing to properly serve the complaint, sending notice to petitioner. On February 9, 2010, the circuit court ordered the complaint dismissed, after petitioner failed to respond to the notice of intent to dismiss. On December 23, 2010, petitioner filed a motion to reinstate the case to the active docket, claiming that he did not receive notice of either the notice of intent to dismiss or the dismissal order[1]. He also claimed that he was under the mistaken belief that out-of-state counsel was effectuating service on CSX, and he had no idea that there had been no service of process. A hearing was held on petitioner's motion, but CSX did not appear. Although petitioner's counsel claims to have mailed notice to CSX, he had no proof of mailing. On May 6, 2011, the circuit court entered an order reinstating the case, and petitioner served the complaint on May 23, 2011. In response, CSX filed its motion to dismiss, based on the lack of good cause pursuant to Rule 4(k) for the failure to serve CSX. The circuit court then dismissed the claim on December 5, 2011, after a hearing, finding that the court has

---

[1] The circuit court inquired as to petitioner's counsel's address and found that the address listed in the court file was the same address as counsel's office. The failure of counsel to receive notice is unexplained.

1

discretion to extend the period of service of process if there is good cause, but in this case, the court found no good cause.

On appeal, petitioner argues that the circuit court erred in granting respondent's motion to dismiss, and in dismissing the case for failure to effectuate service timely, seven months after petitioner served respondent pursuant to the circuit court's grant of additional time for service. Petitioner argues that the circuit court could not reverse its own ruling and now deny an extension of time to effectuate service after it had already been granted. Respondent argues that circuit judges have authority to reverse their own rulings in the face of new facts or new considerations. Moreover, respondent argues that petitioner cannot show that the circuit court abused its discretion in declining to extend the time for service after the lengthy delay without good cause.

This Court has previously held that "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Posey v. City of Buckhannon*, 228 W.Va. 612, 723 S.E.2d 842 (2012). Our review of the record reflects no clear error by the circuit court. The circuit court has the authority to reconsider its ruling in this matter based on new information. Further, the decision to grant the requested extension is discretionary and this Court finds no abuse of discretion herein.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

**NOT PARTICIPATING:**

Justice Allen H. Loughry II

2